# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY LAMONT LEE,

                Petitioner,

v.

STATE OF WISCONSIN,

                Respondent.

Case No. 24-CV-788-JPS

**ORDER**

### 1. INTRODUCTION

On June 24, 2024, Petitioner Jeffrey Lamont Lee ("Lee" or "Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and later paid the filing fee. ECF No. 1. This Order screens Lee's petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

### 2. FACTUAL BACKGROUND

Following a 2019 jury trial, Lee was convicted of aggravated battery, substantial battery, disorderly conduct with the use of a dangerous weapon, and felony bail jumping, all with domestic abuse assessments and as a habitual offender. *State v. Lee*, No. 2023AP26, 2023 WL 8596498, at *1 (Wis. Ct. App. Dec. 12, 2023), *review denied*, 2024 WI 33. Following his conviction, Lee filed a postconviction motion in September 2020. *Id.* The circuit court denied the postconviction motion without a hearing. *Id.* at *2. Lee appealed that decision and the Wisconsin Court of Appeals affirmed. *Id.* (citing *State v. Lee*, No. 2020AP1597-CR, unpublished slip op. (WI App

June 29, 2021)). The Wisconsin Supreme Court subsequently denied Lee's petition for review. *Id.*

In August 2022, Lee filed a postconviction motion under Wis. Stat. § 974.06. *Id.* In that motion he raised three claims of ineffective assistance of trial counsel as well as a claim of ineffective assistance of postconviction counsel for failing to raise those claims in his direct appeal. *Id.* The Wisconsin Court of Appeals affirmed the decision and found no viable claims. *Id.* at *4. The Wisconsin Supreme Court denied the petition for review on May 21, 2024. *State v. Lee*, 2024 WL 3352939 (Table).

Now, Lee seeks habeas relief on the following three grounds: (1) ineffective assistance of counsel for the failure to pursue pre-trial DNA testing; (2) ineffective assistance of counsel to raise a Fourteenth Amendment violation for the failure to collect and preserve DNA;[1] and (3) ineffective assistance of counsel for failing to raise a Fifth Amendment due process violation for the mandatory presumption of innocence. ECF No. 1 at 5–8.

3.  **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4

---

[1] The Court notes that Ground Two is not framed as an ineffective assistance of counsel claim in the petition. ECF No. 1 at 8. However, the Court liberally interprets it as such due to the Wisconsin Court of Appeals' December 12, 2023 decision and Lee's reference to it in his description of this ground. To the extent that Lee seeks to bring a Fourteenth Amendment violation ground on its own, any such claim would not be exhausted as it was not presented to the Wisconsin courts.

provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28

U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Court cannot say that the petition is plainly untimely. Lee has actively been pursuing his appeals and post-conviction motions since his conviction in 2019. Lee's grounds for relief are premised on ineffectiveness of his post-conviction counsel that likely would not have been discovered until after the direct appeal concluded. As such, the Court cannot conclude that the petition is plainly untimely.

### 3.2 Exhaustion

Next, the Court analyzes whether Lee fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' December 12, 2023 decision, it appears that Lee has exhausted the grounds in his present petition.

### 3.3 Procedural Default

The Court next determines whether Lee has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, Lee has likely procedurally defaulted as the Wisconsin Court of Appeals found that his ineffective assistance of counsel claim was procedurally barred under *State v. Romero-Georgana*, 2014 WI 83, 360 Wis. 2d 522, 849 N.W.2d 668. However, because it is not plainly apparent on the face of the petition that Lee cannot show cause and prejudice to overcome his procedural default, the petition will not be dismissed at this juncture.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Lee's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Lee's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Lee's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.