## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JEFFREY LAMONT LEE,

          Petitioner,

v.

NIEL THORESON,[1]

          Respondent.

Case No. 24-CV-788-JPS

**ORDER**

## 1.     INTRODUCTION

In June 2024, Petitioner Jeffrey Lamont Lee ("Lee") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 5, 2025, the Court ordered Lee to file an amended petition to clarify his claims. ECF No. 16. On March 27, 2025, Lee filed an amended petition. ECF No. 17. On April 24, 2025, the Court ordered Lee to again file an amended petition to clarify his grounds for relief. ECF No. 18. On May 1,

---

[1] The Court has amended the caption, eliminating Grant Berg as Respondent because Lee is no longer incarcerated. The only proper respondent in an action for habeas corpus relief is the person who has custody of the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Since Lee is now on supervised release, being supervised by the "Region 3 Office, Milwaukee," the proper respondent in this instance, in the Court's estimation, is Niel Thoreson. *Offender Detail*, WIS. DEP'T CORRECTIONS, https://appsdoc.wi.gov/lop/details/detail (last visited Mar. 25, 2026); *Adult Probation & Parole Officers List*, WIS. DEP'T CORRECTIONS, https://doc.wi.gov/Pages/AboutDOC/CommunityCorrections/ProbationParoleOffice sList.aspx (last visited Mar. 25, 2026); *see Cassidy J. Green, (R42965) v. David Mitchell*, Case No. 21 C 1771, 2021 WL 12409502 (N.D. Ill. Oct. 19, 2021) (replacing the warden as the respondent with "Deputy Chief Parole District 2-5" once supervised release began); *see also* FED. R. CIV. P. 25(d). The docket shall be updated accordingly.

2025, Lee filed an amended petition. ECF No. 20. In June 2025, the Court screened that petition, which has become the operative petition in this case. ECF No. 23 (citing ECF No. 20).

As part of that screening, the Court found that Lee was proceeding on two grounds, namely ineffective assistance of trial counsel and ineffective assistance of appellate counsel. *Id*. at 2 (citing ECF No. 20 at 6–7). Although the Court found that Lee had exhausted his remedies, *id*. at 4–5, it determined that Lee "likely procedurally defaulted" as to the ineffective assistance of trial counsel claim. *Id*. at 5. However, the amended petition survived screening, so the Court allowed the parties to brief out whether the writ should be issued. *Id*. at 6–8. Subsequently, Respondent renewed the motion to dismiss he previously filed, noting that his arguments for dismissal had not changed despite the amendments to the petition. ECF No. 24. In response, Lee filed a motion to be released from custody, along with a supporting brief. ECF Nos. 25–26. Respondent then filed a reply brief. ECF No. 27. Lee then filed what the Court construes as a sur-reply, which it will consider given Lee's pro se status and the magnitude of habeas. ECF No. 28. *See Stellmaccher v. Hepp*, Case No. 22-CV-453, 2023 WL 2814483, at *1 (E.D. Wis. Apr. 6, 2023) (citing *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011)) (noting the decision to allow a sur-reply is "purely discretionary and should generally be allowed only for valid reasons").

As a preliminary matter, the Court will consider whether this case is now moot given that the custodial portion of Lee's sentence has ended and he is now on extended supervision. *See supra* note 1. The Court will then turn to the parties' arguments. *See* ECF Nos. 19–20 and 24–28. Based on its review of the parties' submissions, the Court will deny, with prejudice,

Lee's amended petition, ECF No. 20, as well as his accompanying motion seeking release from custody, ECF No. 25.[2] Respondent's renewed motion to dismiss, ECF No. 24, will be granted, for the reasons set forth below. The Court will not issue a certificate of appealability, and this case will be dismissed with prejudice.

## 2. MOOTNESS

Now that Lee has been released from prison, the Court must address whether the amended petition still presents a case or controversy. As an inmate when he filed this action, Lee assuredly was in "custody" at that time. *See supra* note 1. Case law indicates that he remains considered in "custody," even after release from incarceration, since he is now on supervised release. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (noting that being on supervised release satisfies the language regarding being in "custody"). Here, the Court takes judicial notice of the fact that, at the time of this Order, Lee is on supervised release. *Robinson v. Warden*, Case No. 3:23-CV-1054-TLS-APR, 2023 WL 8718039, at *4 (N.D. Ind. Dec. 18, 2023) (citing FED. R. EVID. 201(a)) (noting that courts can take judicial notice of adjudicative facts).

However, petitioners released from custody who continue to seek the writ may do so "only if the Court can offer relief because 'collateral consequences-lingering disabilities or burdens' exist." *Thompson v. Sherrod*, Case No. 11–cv–137–DRH, 2011 WL 3890297, at *2 (S.D. Ill. Sept. 2, 2011) (citing *D. S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1146 (7th Cir. 1990)).

---

[2]The Court notes that the motion seeking release from custody, ECF No. 25, results from Lee's misunderstanding of civil procedure. It is apparent from the record that Lee believed he needed to file another motion, coupled with a supporting brief, ECF Nos. 25–26, in order to respond to the motion to dismiss, ECF No. 24.

Such consequences may include infringements on "the rights to vote, serve on a jury, or hold public office." *Handy v. Schwartz*, Case No. 08–cv–242–JPG, 2009 WL 35190, at \*1 (S.D. Ill. Jan. 5, 2009) (citing *Carafas v. La Vallee*, 391 U.S. 234, 237–238 (1958)). Collateral consequences are presumed to exist when a petitioner's habeas petition challenges his underlying criminal conviction. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) and *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004)).

Lee "bears the burden of proving that such collateral consequences exist." *Morningstar v. Hathaway*, Case No. 08-CV-167-GPM, 2008 WL 3461621, at \*1 (S.D. Ill. Aug. 12, 2008) (citing *Kemna*, 523 U.S. at 8, 12). Here, Lee meets that burden because he challenges the underlying conviction, for which there is, as explained above, a presumption that there are collateral consequences. *See generally* ECF Nos. 19–20.

### 3. LEGAL STANDARD

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)). The relevant decision for this Court to review is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citing *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir.

2003)). But first, under Rule 4 of the Rules Governing Section 2254 Cases, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

## 4. PROCEDURAL HISTORY

### 4.1 Trial and Sentencing

Following a 2019 jury trial, in which Lee testified in his own defense, Lee was convicted of aggravated battery, substantial battery, disorderly conduct with the use of a dangerous weapon, and felony bail jumping, all with domestic abuse assessments and as a habitual offender. *State of Wisconsin v. Lee Berg*, Case No. 2018CF5088 (Milwaukee Cnty. Cir. Ct.), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CF005088&countyNo=40&mode=details (hereinafter "State Case"). He was initially sentenced to a total of fourteen years, bifurcated as seven years of initial confinement and seven years of extended supervision, though the term of extended supervision was eventually amended to accord with the statutory requirements. *Id.*, June 7, 2019 docket entry. At trial, he was represented by Daniel J. Sevcik ("Sevcik"); at sentencing, he was represented by Avery L. Goodrich. *Id.*

### 4.2 Postconviction Motion

Following his 2019 conviction and sentencing, in September 2020, his postconviction counsel, Jeffrey William Jensen, Sr. ("Jensen") filed a postconviction motion on his behalf pursuant to Wisconsin Statute § 809.30, though the Court construes the motion as one under Wisconsin Statute § 974.02, as § 809.30 simply serves as the corresponding statute that lays out the time and manner in which to file a direct appeal. *Id.*, Sept. 11, 2020

docket entry; *see* WIS. STAT. §§ 809.30 and 974.02. The circuit court denied that postconviction motion without a hearing. State Case, Sept. 16, 2020 docket entry; *see also State of Wisconsin v. Lee*, Case No. 2020AP1597-CR, 2021 WL 2659917, ¶ 16 (Wis. Ct. App. June 29, 2021) (noting that his postconviction motion was denied without a hearing) (unpublished) (hereinafter "Direct Appeal").

### 4.3    Direct Appeal to Wisconsin Court of Appeals

Jensen then filed a direct appeal on Lee's behalf, and the Wisconsin Court of Appeals affirmed. *See* Direct Appeal at ¶ 2. In doing so, the Wisconsin Court of Appeals rejected Lee's argument that trial counsel was ineffective for failing to preserve a photo of his chest wound taken just after the incident, prior to the wound having healed. *Id*. at ¶ 29–33.[3]

### 4.4    Petition for Review to Wisconsin Supreme Court

Lee sought review of the decision from the Wisconsin Supreme Court, but his petition was denied. State Case, Oct. 19, 2021 docket entry.

### 4.5    Wisconsin § 974.06 Postconviction Motion

In August 2022, Lee filed a postconviction motion under Wisconsin Statute § 974.06, which he pursued pro se. *State of Wisconsin v. Lee*, Case No.

---

[3]The Wisconsin Court of Appeals also rejected Lee's arguments that the trial court erred in not giving a self-defense instruction or granting him an evidentiary hearing for his claim that his due process rights were violated in allowing the prosecution to occur even though he suffered from amnesia. Direct Appeal at ¶¶ 17–28. The Wisconsin Court of Appeals reiterated Lee's testimony that he blacked out and could not remember what happened, so there were insufficient grounds for the trial court to give a self-defense instruction. *Id*. at ¶¶ 10, 17–22. As to his amnesia argument, the Wisconsin Court of Appeals noted that, other than his own testimony, Lee offered no showing from a medical expert that he had suffered from amnesia and that he otherwise made no motion, as required by *State v. McIntosh*, 404 N.W. 2d 557 (Wis. Ct. App. 1987), at the end of the trial to evaluate whether the trial was ultimately fair. *Id*. at ¶¶ 23–28.

2023AP26, 2023 WL 8596498, *2 (Wis. Ct. App. Dec. 12, 2023) ("State Habeas Case"). In it, he raised three claims of ineffective assistance of trial counsel, two of which he does not advance here.[4] *Id*. The lone claim that he reasserts here is that Sevcik should have more thoroughly cross-examined police witnesses regarding their failure to test the blood at the scene to determine if the blood was, in fact, his and not the victim's, which Lee believes would have bolstered his claim that the victim was the aggressor.[5] *Id*. at *2. *Id*. Separately, Lee raised an ineffective assistance of postconviction counsel claim, arguing that Jensen was ineffective because he failed, during the direct appeal, to raise trial counsel's ineffectiveness in these respects. *Id*.

In affirming the circuit's court decision, the Wisconsin Court of Appeals noted that Lee's argument regarding Sevcik's performance during cross-examination of the police was not raised in his direct appeal. *Id*. In turn, it noted that:

> [A] defendant is precluded from raising any claim in a WIS. STAT. 974.06 motion—including an ineffective assistance claim—if that claim could have been brought on direct appeal, *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 173, 517 N.W.2d 157 (1994), unless he or she can demonstrate that the claim is "clearly stronger" than the claims postconviction counsel previously brought, *State v. Romero-Georgana*, 2014 WI

---

[4]His two other arguments were that trial counsel should have: (a) argued that the failure to give a self-defense instruction was a constitutional violation, and (b) investigated and presented a defense of not guilty by reason of insanity or mental defect due to his alleged amnesia. *See* State Habeas Case at *2. The Wisconsin Court of Appeals reasoned that these arguments were already litigated in his Direct Appeal and were, therefore, "procedurally barred." *Id*. (citing *State v. Witkowski*, 473 N.W.2d 512, 514 (Wis. Ct. App. 1991)); *see supra* note 3.

[5]"[R]elatedly," he also argued that Sevcik should have objected to the admission of the crime scene photographs. State Habeas Case at *2. However, he does not raise this argument in his operative petition, ECF No. 20 at 6–7, so the Court will not summarize the Wisconsin Court of Appeals findings in this regard.

83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668. This is determined by "compar[ing] the arguments now proposed against the arguments previously made." *Id.*, ¶46. If the defendant cannot establish that a claim brought under § 974.06 is clearly stronger, then the claim is procedurally barred. *Romero-Georgana*, 360 Wis. 2d 522, ¶5. "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law" that we review de novo. *Romero-Georgana*, 360 Wis. 2d 522, ¶30.

*Id.* at *2. In applying this standard, it found that:

Lee has not sufficiently pled that his third claim [regarding Sevcik's performance during cross-examination of the police] is clearly stronger than the claims that were brought in his direct appeal. Rather, he makes only conclusory statements regarding the clearly-stronger test, without providing any meaningful comparison analysis demonstrating why this claim is clearly stronger than the claims previously raised in his direct appeal.

*Id.* at *3. The Wisconsin Court of Appeals continued its discussion on trial counsel as follows:

Lee fails to demonstrate that his trial counsel was ineffective. To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "must prevail on both parts of the test to be afforded relief." *State v. Allen*, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433.

*Id.* Citing *State of Wisconsin v. Bentley*, 548 N.W.2d 50 (1996) and *State of Wisconsin v. Romero-Georgana*, 849 N.W.2d 668, 677 (Wis. 2014), it then explained that an evidentiary hearing is not automatic and that the circuit court must hold an evidentiary hearing only if sufficient facts are alleged in the defendant's postconviction motion. *Id.* In other words, the Wisconsin Court of Appeals said, "if the WIS. STAT. § 974.06 motion 'does not raise facts

sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing.'" *Id*. (citing *Romero-Georgana,* 849 N.W.2d at 677).

Applying this standard, it held that "Lee's pleadings do not establish an ineffective assistance of counsel claim, particularly with regard to the prejudice prong of *Strickland*." *Id*. (citing 466 U.S. at 697). In relevant part, the Wisconsin Court of Appeals reasoned that:

> Lee makes only conclusory statements regarding the alleged deficiencies of his trial counsel with regard to this claim, and their prejudicial effect on his defense. To the contrary, as the circuit court pointed out in its decision, Lee's trial counsel did in fact elicit testimony from one of the police officers during cross-examination that no testing of the blood at the scene had been done, which the jury was then able to consider.

> Furthermore, [the victim] testified—very credibly, according to the circuit court and, presumably, the jury—that the blood depicted in the crime scene photographs was hers. Additionally, the State presented evidence of the extent of [the victim's] injuries through her testimony as well as her medical records. Based on the veracity of this evidence, there is not a reasonable probability that additional testimony relating to a lack of blood testing at the scene would have altered the outcome of the trial.

*Id*. at *3–4. It then evaluated Lee's argument regarding whether trial counsel was ineffective insofar as Sevcik failed to object to the admission of crime scene photos, finding that argument was not persuasive either.[6] *Id*. at *4. "In short," it said, "Lee's . . . claim of ineffective assistance of trial counsel fails"

---

[6]As noted earlier, since that argument is not raised in Lee's amended petition, ECF No. 20 at 6–7, the state appellate court's analysis in that respect will not be summarized here. *See supra* note 5.

and "as a result, he has also not proven ineffective assistance of postconviction counsel, as such a claim requires demonstrating that trial counsel was actually ineffective." *Id*. at *4 (citing *State of Wisconsin v. Ziebart*, 673 N.W.2d 369, ¶ 15 (Wis. Ct. App. 2003)) (noting that a petitioner cannot advance a claim of ineffective counsel for failing to challenge a trial court ruling that was correct).

In conclusion, the Wisconsin Court of Appeals found that "Lee presented no viable claims in his § 974.06 motion" and, therefore, "the circuit court did not err in denying the motion without a hearing." *Id*. (citing *Romero-Georgana*, 849 N.W.2d at ¶ 71). Lee, in turn, again sought review from the Wisconsin Supreme Court, which subsequently denied his petition. *State v. Lee*, 2023AP000026, 2024 WL 3352939 (Wis. May, 21 2024) (Table).

### 4.6 Federal Habeas

As mentioned earlier, Lee now seeks habeas relief on the following two grounds: (1) ineffective assistance of trial counsel for the failure to thoroughly cross-examine police witnesses to establish that the crime scene photos depicted Lee's blood instead of the victim's; and (2) ineffective assistance of appellate counsel for failing to raise trial's counsel's failure in this regard. ECF No. 23 at 2 (citing ECF No. 20 at 6–7).

### 5. ANALYSIS

Respondent moves to dismiss the petition on the basis that all grounds asserted within it are procedurally defaulted. ECF 24 at 2. Specifically, Respondent argues that each ground Lee cites is procedurally defaulted because the Wisconsin Court of Appeals rejected them pursuant to state procedural grounds that are independent of the federal question and adequate to support the judgment. *Id*. (citing same).

"A claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly states that its judgment rests on a state procedural bar.'" *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). Federal courts "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "An independent state ground will be found 'when the court actually relied on the procedural bar as an independent basis for its disposition of the case.'" *Id.* (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)). "A state law ground is adequate 'when it is a firmly established and regularly followed state practice at the time it is applied.'" *Id.* (quoting *Thompkins*, 698 F.3d at 986).

With these concepts in mind, the Court proceeds to address Petitioner's asserted grounds for relief.

### 5.1 Ineffective Trial Counsel

The Court will first address whether Lee has procedurally defaulted on his claim that Sevcik provided ineffective assistance of counsel in failing to thoroughly cross examine the police officers as to whether the blood on the scene was his or the victim's. To answer this question, the Court asks whether the Wisconsin Court of Appeals, the last state court to actually author an opinion, "actually relied on" an independent and adequate state law ground in resolving this issue. *Foster*, 750 F.3d at 693. The Court concludes that the Wisconsin Court of Appeals did so rely.

Indeed, the Wisconsin Court of Appeals' opinion focused on Lee's pleading burden, labelled Lee's claims as procedurally barred, and cited

*Escalona-Naranjo* and *Romero-Georgana* repeatedly. *See generally* State Habeas Case. In doing so, it noted that Lee did not provide a "sufficient reason" to overcome the default. *Id.* at *2. It also made more than one explicit reference to the "clearly-stronger" test provided by the *Romero-Georgana* case and specifically found that Lee failed to make "any meaningful comparison analysis demonstrating why this claim is clearly stronger than the claims previously raised in his direct appeal." *Id*. at *3. In addition, prior to reaching that conclusion,[7] it provided the following rule statement: "[i]f the defendant cannot establish that a claim brought under § 974.06 is clearly stronger, then the claim is procedurally barred." *Id*. at *2 (citing *Romero-Georgana*, 849 N.W. 2d at 672).

Whether the Wisconsin Court of Appeals also reached the merits here is of no consequence. *See id.* at 622–623, 627 (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)) (noting that, "even if the state appellate court also rejected [the state habeas petitioner's] claim as meritless, [its] review is foreclosed when adequate and independent state law grounds are sufficient to resolve the dispute"). Indeed, as the Seventh Circuit noted, if it were true that examining the substance of a *Strickland* claim to know if it was sufficiently pleaded transformed a decision into one on the merits, it would be "difficult to imagine any scenario in which *Allen* would constitute an independent state ground because a Wisconsin Court must always examine the substance of the underlying claim to determine whether it is sufficiently pleaded." *Id*.

---

[7]Notably, the order in which the state court sets forth its reasoning and conclusion is not important. *Whyte v. Winkleski*, 34 F.4th 617, 628 (7th Cir. 2022) (noting "[t]hat the conclusion of procedural default preceded rather than proceeded from an explanation of *Allen* is of no consequence.").

Lee's only counter to this point is that he did allege a sufficient reason; in providing a T-chart, he attempts to showcase why his claims now are clearly stronger than those actually raised. ECF No. 19 at 13. To be sure, "[t]o adequately allege that ineffective assistance of postconviction counsel qualifies as a 'sufficient reason' to excuse a procedural default, a prisoner must allege why the claims he now wants to raise are 'clearly stronger than the claims actually raised.'" *Garcia v. Cromwell*, 28 F.4th 764, 773 (7th Cir. 2022) (quoting *Romero-Georgana*, 849 N.W.2d at 678); *see also State of Wisconsin v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004) (noting that sufficient material facts mean that petitioner must answer the "who, what, where, when, why, and how" that entitles him to the relief he seeks). However, "[a] federal court, sitting in habeas, cannot second-guess whether a state court correctly applied its own procedural rule." *Brantley v. Miller*, Case No. 21-CV-1197-SCD, 2025 WL 3158496, \*4 (E.D. Wis. Nov. 12, 2025) (citing *Foster*, 750 F.3d at 693–94)). Thus, whether Lee's § 974.06 motion was sufficiently pled according to Wisconsin's pleading requirements is outside the permissible scope of this Court's review. *See id*.

### 5.2 Ineffective Assistance of Postconviction Counsel

Turning now to Lee's argument that Jensen was ineffective during postconviction proceedings, the Wisconsin Court of Appeals found that this argument failed because the underlying argument regarding Sevdic's ineffectiveness had failed as pled. State Habeas Case at \*4 (citing *Ziebart*, 673 N.W.2d at ¶ 15) (noting that a petitioner cannot advance a claim of ineffective counsel for failing to challenge a trial court ruling that was correct). The Wisconsin Court of Appeals did not address the issue further, revealing that it never reached the merits as to the post-conviction counsel ineffectiveness argument. *See generally id*. More to the point, the Seventh

Circuit has declined to consider arguments like this under these circumstances, as it considers them to be redundant. *Starkweather v. Smith*, 574 F. 3d 399, 402 n.1 (7th Cir. 2009) (declining to consider ineffectiveness as to postconviction counsel argument separately from ineffectiveness as to trial counsel where "any scenario in which [petitioner] would be entitled to habeas relief based on appellate counsel's performance would a fortiori be one in which he would also be entitled to relief based on trial counsel's performance"). As such, the argument as to Jensen's ineffectiveness is, therefore, procedurally barred as well.

### 5.3 Cause and Prejudice

For the amended petition to survive, therefore, it must overcome the cause and prejudice standard. That is, Lee's "default precludes federal habeas review of his new *Strickland* claims unless he can establish cause for and prejudice from the default." *Garcia*, 28 F.4th at 775 (citing *Thompkins*, 698 F.3d at 986). "Cause requires a showing of 'some type of external impediment' that prevented him from presenting his claims." *Id.* (citing *Thompkins*, 698 F.3d at 987). To show prejudice, he must show that the alleged constitutional violations "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Freddy*, 456 U.S. 152, 170 (1982)). The alternative way to overcome procedural default is if a "miscarriage of justice" would result because he is "actually innocent." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)). The Court's "review is at an end" if none of these apply. *Whyte*, 34 F.4th at 628.

As in *Garcia*, Lee "simply repeats his complaints about his . . . counsel." 28 F.4th at 775; *see generally* State Habeas Case. Moreover, as

Respondent points out, Lee's pro se status and lack of legal knowledge are not, without more, a basis to find cause. ECF No. 9 at 18 (citing *Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992) and *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)). Even assuming there was cause, Lee still "must convince [this Court] that there is a reasonable probability that the outcome . . . would have been different but for [counsel's] ineffectiveness." *Triplett v. McDermott*, 996 F.3d 825, 831 (7th Cir. 2021) (citing *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985) and *Brock-Miller v. United States*, 887 F.3d 298, 311–13 (7th Cir. 2018)). Upon examination of the record, the Court does not find that there would be a different result had Sevdic more thoroughly examined the police officers, or if Jensen had pointed that concern out on appeal.

First, Sevdic, as the Wisconsin Court of Appeals noted, did elicit from one of the police officers during cross examination that no testing of the blood at the scene had been done, which the jury was then able to consider. ECF No. 12-1 at 10:8–18, 11:14–19, 12:2–5; *see also* State Habeas Case at * 3–4. In addition, as the Wisconsin Court of Appeals also noted, there were medical records documenting the victim's injuries that went to the jury and supported the notion the blood was hers, as well as the victim's own testimony to that effect. ECF No. 12-1 at 23–27, 57; *see also* State Habeas Case at * 3–4. Given the record here, there is not a reasonable probability that the outcome would have been different.

Lee, in the alternative, reasserts that he is innocent. ECF No. 19 at 30 (citing ECF No. 14 at 7) (noting "he is not a violent offender trying to get off on a technicality" but rather he "fights only for the real truth – to clear his name."). If it had been his blood, as he contends, "it would give credibility to Lee's testimony because it would have been proven that Lee's blood was

all over the crime scene, that substantial battery did not occur without the need for self-defense," negating the state's argument.[8] ECF No. 14 at 7. While perhaps such evidence would bolster his credibility, it does not overcome all the evidence against him, as explained above. Like in *Garcia*, Lee "focuses on the prejudicial effect . . . in the abstract" and "makes little effort to examine whether the alleged errors . . . were prejudicial on the specific facts of this case." 28 F.4th at 776. There is, in other words, no exception here that allows Lee to overcome the procedural default and have this Court consider his argument further.  Thus, the Court's review is at an end here.

**6. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, reasonable jurists would not find it debatable whether Lee procedurally defaulted on the claims raised in his federal habeas petition. The Court will, therefore, deny a certificate of appealability.

---

[8]Because Lee re-raises the innocence question in his arguments as to the operative petition and the burden of having to handwrite his arguments again, the Court, sensitive to his position, will refer back to his earlier analysis on the topic.

## 7. CONCLUSION

In sum, federal merits review is foreclosed for Lee's amended petition for habeas relief. The state appellate court's opinion rested on the independent and adequate state-law grounds established in *Allen*, *Escalona-Naranjo*, and *Romero-Georgana*, and Lee has not adequately shown cause or prejudice to proceed here. As such, Petitioner's amended petition, ECF No. 20, along with his motion seeking release from custody, ECF No. 25, will be denied with prejudice. Respondent's renewed motion to dismiss, ECF No. 24, will be granted. The Court will not issue a certificate of appealability, and this case will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Respondent's renewed motion to dismiss, ECF No. 24, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 20, and motion seeking release from custody, ECF No. 25, be and the same are hereby **DENIED with prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to issue judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.